IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF LOCKWOOD and JOANNE LOCKWOOD,
his wife                                                   Case no:

      Plaintiffs,

v.

KELLY OLIVER, NEO EL, and REAL PEOPLE
LENDING, LLC, doing business as BUSINESS
LOAN SOLUTIONS,

      Defendants.
_____/

## **COMPLAINT**

Plaintiffs, JEFF LOCKWOOD and JOANNE LOCKWOOD, his wife, sue Defendants,

KELLY OLIVER, NEO EL, and REAL PEOPLE LENDING, LLC, doing business as BUSINESS LOAN

SOLUTIONS, and alleges the following:

1.  This is an action for an amount in excess of $23,000,000.00, exclusive of interest and

costs.

2.  Plaintiffs, Jeff Lockwood and Joanne Lockwood (the "Lockwoods") are citizens and

residents of the State of California.

3.  Real People Lending, LLC is a Florida limited liability company with its principal

place of business in Hillsborough County, Florida and does business under the name of Business

Loan Solutions (hereinafter "BLS").

4.  Defendant, Kelly Oliver ("Oliver") is a citizen and resident of the State of Florida.

Oliver is the Chief Executive Officer of BLS.

5.  Defendant, Neo El ("El") is, upon information and belief, a citizen and resident of the State of North Carolina, and is a managing director of BLS.  El advertises and holds himself out, and BLS advertises him on its website, to be a leader in the "International financial landscape" for the last eighteen (18) years, with a high degree of "sound strategic management and fiduciary aptitude".  He also claims to design structures and customize framework that help clients to reach their financial goals, and that he is a "global fiduciary."  El made these same substantive representations to the Lockwoods.

6.  All conditions precedent to the commencement of this action have been performed, have occurred or have been waived.

7.  Subject matter jurisdiction is vested by virtue of 28 USC §1331 and1332 and venue is proper by virtue of 28 USC §1391.

## COUNT I – SALE OF SECURITY BY UNLICENSED SALESMEN

8.  The Lockwoods re-allege all preceding paragraphs of this Complaint.

9.  On or about September 20, 2019, Oliver, EL and BLS sold a security (the "Security") to the Lockwoods, who wired the funds directly to BLS' bank account. The Security was a "participation" interest in a venture where the Lockwoods invested $250,000.00 (the "Investment").  The Lockwoods made the Investment based upon the representations of the Defendants that they would receive "net proceeds" of more than $23,000,000.00 of non-recourse funds.  BLS was to be paid commissions and brokerage fees of more than $6,000,000.00.  A copy of the certificate and agreement relating to the Security is attached hereto as Exhibit "A" (the "Certificate").

10.  The Security was managed by BLS in the following way:

(a)  the Lockwoods paid $250,000.00 for the Security;

(b)  BLS would then be responsible for securing a standby letter of credit;

(c)  BLS then engaged the use of foreign offshore banks which it would manage to monetize the standby letter of credit in the amount of a $30,000,000.00  non-recourse loan to the Lockwoods; and

(d)  the funding of the loan was to occur within thirty (30) to sixty (60) banking days from September 20, 2019.

11.  The Security is (a) an "Investment contract" because it involved an investment in a joint enterprise with the profits to come from the efforts of BLS and the banks it selected and managed, with no efforts required of the Lockwoods, and (b) a certificate of interest or participation, and/or (c) an instrument identified in Florida Statutes §517.021(22) (f),(i),(k) and/or (s).

12.  Oliver, El and BLS are not licensed in Florida as a dealer, associated person, Investment advisor or issuer of securities, and in selling the Security to the Lockwoods they violated Florida Statutes §517.12.

13.  In order to bring this action, the Lockwoods have been required to hire the undersigned counsel and agreed to pay him a reasonable attorneys' fee.

14.  More than thirty (30) days ago the Lockwoods made a written demand to Defendants that they rescind the transaction involving the sale of the Security pursuant to Florida Statutes §517.211, but the Defendants have not responded to this demand or otherwise rescinded the transaction as required in that statutory section.

## COUNT II – BREACH OF THE CERTIFICATE

15.  The Lockwoods re-allege all preceding paragraphs of this Complaint.

16.   Appendix A of the Certificate sets forth the term and the return on the Investment to be made by the Lockwoods.  The Appendix provides that the term of the non-recourse loan was to be for a period of thirty-six (36) months, ending November 1, 2022.  As a consequence, the loan was to be funded and commence thirty-six (36) months earlier, or on November 1, 2019, which was what the Defendants represented to the Lockwoods as an inducement to making their Investment to buy the Security.  To date, the loan has not been funded, nor has it commenced.

17.   Paragraph 3.6 of the Certificate provided that the Lockwoods were to receive a schedule for proceeds from the loan ("Schedule") within sixty (60) banking days from the date of the Certificate.  Despite demand, the Defendants have failed and refused to provide the Schedule.

18.   Paragraph 3.9 of the Certificate provides that the Lockwoods' Investment of $250,000.00 would be repaid if BLS failed to "secure" a financial instrument regarding "the Investment " ("Financial Instrument"), along with documentation within sixty (60) banking days" of the date of the Certificate.  Despite demand, the Defendants have failed and refused to provide any documentation or verifiable information that the Financial Instrument has been secured.  Therefore, upon information and belief, the requirements of paragraph 3.9 have been breached as well.

## COUNT III – BREACH OF AN ORAL AGREEMENT

19.  The Lockwoods re-allege all preceding paragraphs of this Complaint.

20.  Because of the breaches of the Certificate alleged in paragraphs 16-18 above, the Lockwoods complained constantly and bitterly about the failures of the Defendants to deliver as promised and advised Defendants of significant expense they had incurred in connection with a project which the Lockwoods had planned to fund from the proceeds of the Security (The "Expense").  In response, the Defendants tried to placate the Lockwoods with a never-ending

litany of excuses why they had not performed, and made almost weekly promises that a closing of the Loan was imminent, usually saying it would happen in a few days. The closing and funding has never happened.

21.   In or about March, 2020 as the threats kept coming from the Lockwoods, the Defendants promised that they would pay the Lockwoods $500,000.00 to cover the Expense incurred by the Lockwoods, if the Lockwoods would refrain from filing a lawsuit for an additional two (2) weeks, by which time the Loan would be closed and funded.  In acceptance of this offer, the Lockwoods refrained from filing suit during that period of time.

22.   The Defendants have not paid the Lockwoods the $500,000.00 as they had agreed.

## COUNT IV – BREACH OF FIDUCIARY DUTY

23.   The Lockwoods re-allege all preceding paragraphs of this Complaint.

24.   In making the Investment in the Security, the Lockwoods placed great trust and confidence in the Defendants that the representations being made to them were true, accurate and complete.  The Defendants accepted and encouraged the trust and confidence that the Lockwoods placed in them.  Further, El held himself out on the website of BLS as a "fiduciary".

25.   In inducing the Lockwoods to make the Investment, the Defendants represented to the Lockwoods to have great experience and expertise in the Security, and how to manage and make it profitable for the Lockwoods ("Expertise").  By contrast, the Lockwoods had no experience or understanding about the Security, how it worked, and how to make it profitable.

26.   Despite their representations, the Defendants, in inducing the Lockwoods to make the Investment, did not, upon information and belief, have the Expertise with Investments like the Security that they represented, or the ability to manage such an Investment to make it profitable for the Lockwoods. As a result, the Lockwoods' Investment has floundered and

5

become worthless. In this way, the Defendants, breached their fiduciary duty to the Lockwoods. In fact, upon information and belief, the Defendants have never procured the Financial Instrument.  Further, Oliver later admitted the Defendants' lack of Expertise in investments of this kind.

27.  The Defendants breach of fiduciary duty was a direct result of them telling the Lockwoods what they needed to say to capture the excitement and enthusiasm of the Lockwoods, with the hope of reaping huge profits for themselves.  The Defendants breached their fiduciary duty intentionally and/or with reckless disregard for the consequences to the Lockwoods.  As a consequence, Defendants are liable to the Lockwoods for punitive damages.

## COUNT V – NEGLIGENT MISREPRESENTATION

28.  The Lockwoods re-allege paragraphs 1-14 and 24-27 of this Complaint.

29.  The Defendants, in inducing the Lockwoods to invest in the Security, negligently misrepresented their Expertise.

## COUNT VI – COMMON LAW FRAUD

30.  The Lockwoods re-allege paragraphs1-14 and 24-27  of this Complaint.

31.  The Lockwoods relied upon the misrepresentation of the Defendants alleged in paragraphs 18 and 24-31, which were all false.  The Lockwoods considered the Defendants misrepresentations to be true when made to them, and were an important factor to them in deciding to make the Investment.

## COUNT VII – VIOLATION OF THE ANTI-FRAUD PROVISION OF THE FLORIDA SECURITIES AND INVESTOR PROTECTION ACT

32.  The Lockwoods re-allege all preceding paragraphs of this Complaint.

33.  The Defendants obtained money by means of untrue statements of material fact.

34.  The Defendants have violated Florida Statutes §517.301.

## COUNT VIII – VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## AND RULE 10B-5

35.  The Lockwoods re-allege all preceding paragraphs of this Complaint.

36.  The Defendants have violated 15 U.S.C. Section 78j and 17 CFR §240.10b-5.

WHEREFORE, the Lockwoods demand judgment against the Defendants for:

(a)  compensatory damages in an amount in excess of $23,000,000.00;

(b)  punitive damages;

(c)  attorney fees; and

(d)  the costs of this action.

## DEMAND FOR TRIAL BY JURY

The Lockwoods demands a trial by jury on all issues so triable.

DATED this *25th* day of August, 2020.

*/s/DAVID T. KNIGHT*_____
David T. Knight, Esquire
Florida Bar No. 0181830
David Knight Law
1560 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813)784-8056
DavidKnight@DavidKnightLaw.com
Attorney for Plaintiffs