UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF LOCKWOOD and
JOANNE LOCKWOOD,

    Plaintiffs,

v.                                                    Case No. 8:20-cv-1990-T-60TGW

KELLY OLIVER, NEO EL, and
REAL PEOPLE LENDING, LLC
d/b/a BUSINESS LOAN SOLUTIONS,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' "Motion to Dismiss Complaint with Incorporated Memorandum of Law," filed October 7, 2020. (Doc. 20). Plaintiffs filed their response in opposition on November 7, 2020. (Doc. 29). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background[1]**

On September 20, 2019, Defendants Kelly Oliver, Neo El, and Real People Lending, LLC, doing business as Business Loan Solutions ("BLS"), sold a security to Defendants Jeff and Joanne Lockwood for $250,000. The parties entered into a Joint Participation

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Agreement (the "Agreement") to formally sell this security. According to the Agreement, BLS promised Plaintiffs it would secure a letter of credit and work with foreign banks to monetize that letter of credit in the amount of a $30,000,000 non-recourse loan and send the proceeds to Plaintiffs after taking $6,000,000 in brokerage fees. BLS further promised that it would secure a financial instrument regarding the investment, that the non-recourse loan would be funded, and that a loan schedule would be sent to Plaintiffs within 60 days of September 20, 2019. In the event BLS failed to secure an appropriate financial instrument within this time, the Agreement provided that the amount the Plaintiffs invested would be repaid. The parties agreed that disputes between them would be subject to binding arbitration in Tampa, Florida.

In their eight-count complaint, Plaintiffs allege that their non-recourse loan has yet to be funded, and they have yet to receive the loan schedule, verification that the financial instrument has been secured, or a refund on their investment. Furthermore, Plaintiffs contend that Defendants breached a separate oral contract by failing to pay Plaintiffs $500,000 for refraining from filing a lawsuit for two weeks while funding for the non-recourse loan was secured.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a

motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In their complaint, Plaintiffs assert numerous claims against Defendants: sale of security by unlicensed salesman (Count I), breach of the Agreement (Count II), breach of an oral agreement (Count III), breach of fiduciary duty (Count IV), negligent

misrepresentation (Count V), common law fraud (Count VI), violation of the anti-fraud provision of the Florida Securities and Investor Protection Act (Count VII), and violation of the Securities Exchange Act of 1934 and Rule 10B-5 (Count VIII). Defendants seek dismissal of the complaint, arguing that the parties entered into a valid and binding arbitration agreement. Defendants additionally contend that Plaintiffs' claims fail to meet the pleading requirements of Rules 8 and 9.

***Counts Against BLS***

BLS argues that the claims against it should be dismissed pursuant to a valid and binding arbitration agreement between the parties. It is uncontested that Plaintiffs and BLS entered into the Agreement, which contains a mandatory arbitration clause.[2] Plaintiffs do not assert that the Agreement, or the arbitration clause, is void or otherwise unenforceable.[3] The text of the provision states that that "[i]n the event of any disputes, all Parties hereto agree to be bound by the International Chamber of Commerce (ICC) Rules of Commercial Binding Arbitration, with such arbitration to take place… in Tampa, Florida…." (Doc. 20-1 at 3). This is broad enough to encompass the claims the Plaintiffs bring against BLS, all of which are arbitrable.[4] However, Defendants are not entitled to

---

[2] The Court "may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

[3] In their response in opposition, Plaintiffs indicate that although they have not yet sought to have the Agreement declared void or voidable, they do not waive their right to do so. At the present time, under the well-pleaded facts of the complaint and the Agreement, it appears that the claims against BLS are subject to arbitration. If Plaintiffs wish to argue the Agreement, and arbitration provision contained within, are unenforceable, they may do so in arbitration. *See Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 406-407 (1967) (holding the issue of whether plaintiff was fraudulently induced to enter a contract containing an arbitration provision was for the arbitrators to decide).

[4] *See Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009) ("[Federal] statutory claims are subject to arbitration 'unless Congress has evinced an intention to preclude a waiver of

dismissal of these claims. *See, e.g., Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."). As a result, all counts against BLS are stayed pending arbitration. Should any issues arise as to voluntary arbitration, the parties may file a motion to compel arbitration.

### *Counts I, II, III, and IV Against Oliver and El*

Oliver and El argue that the complaint fails to meet the pleading requirements of Rule 8. Upon review, the Court finds that Counts I, II, III, and IV are sufficiently pled and state claims that are facially plausible – which is all that is required at this stage of the proceedings. The motion to dismiss these counts is therefore denied as to this ground.

### *Count V Against Oliver and El*

Oliver and El also contend that Count V is subject to dismissal due to failure to state a claim. Plaintiff's negligent misrepresentation claim is subject to the heightened pleadings requirements of Rule 9(b). *Maverick Fund, L.D.C. v. Lender Processing Servs. Inc.*, 2015 WL 5559761 at *3 (M.D. Fla. Sept. 21, 2015).

---

judicial remedies for the statutory right at issue'") (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)); *Ainsworth v. Skurnick*, 960 F.2d 939 (11th Cir. 1992) (claims under Florida securities law, specifically §§ 517.12, and 517.211, *F.S.*, may be arbitrated); *Transluscent Communications, LLC v. Nokia*, Case No. 10-20804-CIV-MOORE/SIMONTON2010, WL 11610315 (M.D. Fla. May 11, 2010) (referring to arbitration a claim for breach of an oral contract, which was entered into between parties to a written agreement containing a provision delegating "any and all disputes that arise between the Parties to arbitration"); *Freecharm Ltd. v. Atlas Wealth Holdings Corp.*, 499 Fed. App'x 941, 942 (11th Cir. 2012) (holding that the district court properly confirmed an arbitration award on a breach of fiduciary duty issue); *Rimel v. Uber Tech., Inc.*, 246 F. Supp. 3d 1317 (M.D. Fla. 2017) (compelling arbitration of a fraudulent misrepresentation claim); *McAdoo v. New Line Transp., LLC*, Case No: 8:16-cv-1917-T-27AEP, 2017 WL 942114 at *6 (M.D. Fla. Mar. 9, 2017) (compelling arbitration of a common-law-fraud claim); *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477 (1989) (holding claims brought under the Securities Act of 1934 may be arbitrated).

"To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010). Furthermore, to satisfy the requirements of Rule 9(b), a plaintiff must allege the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made[;] … (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same[;] … (3) the content of such statements and the manner in which they misled the plaintiff[;] and (4) what the defendants obtained as a consequence of the fraud.

*Drilling Consultants, Inc. v. First Montauk Secs. Corp.*, 806 F. Supp. 2d 1228, 1234 (M.D. Fla. 2011) (quoting *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Plaintiffs have failed to sufficiently allege their negligent misrepresentation claim. Specifically, they have failed to allege in this count that: Oliver and El made a statement of material fact that they believed was true but was actually false; Oliver and El were negligent because they should have known the statement was false; or Plaintiffs were injured when they acted in justifiable reliance on the false statement.

Moreover, the only specific statements Plaintiffs allege to support their negligent misrepresentation claim comes from the BLS website, where El allegedly held himself out as a "global fiduciary," a "leader in the international financial landscape," and possessing a "sound strategic management and fiduciary aptitude." (Doc. 1 at ¶ 5). While statements

from websites may be used to establish a negligent misrepresentation claim a plaintiff must nevertheless provide sufficient factual detail, including the time these statements were made. *See Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353-54 (S.D. Fla. 2016) (dismissing negligent misrepresentation claim in part because plaintiff failed to allege when allegedly fraudulent statements on defendant's website were made). Count V as brought against Oliver and El is dismissed without prejudice, with leave to amend.

***Count VI Against Oliver and El***

Oliver and El argue that Count VI is subject to dismissal for failure to state a claim. Under Florida law, to plead a claim for fraud, a plaintiff must allege: "the [representer] made a false statement regarding a material fact; (2) the [representer] knew or should have known the statement was false when he made it; (3) the [representer] made the false statement with an intention that the [listener] rely and act on it; and (4) an injury resulted to the [listener] who acted in justifiable reliance on the false statement." *PNC Bank, N.A. v. M.D.K. Holdings, LLC*, No. 6:14-cv-598-Orl-41TBS, 2014 WL 12685922, at *2 (M.D. Fla. Oct. 22, 2014). Furthermore, to survive a motion to dismiss under the heightened Rule 9(b) pleading standard, a plaintiff must allege (1) the statements that were made, (2) the time and place of the statements and the person that made the statements, (3) the content of the statements and how they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *See Drilling Consultants, Inc.*, 806 F. Supp. 2d at 1234 (quoting *Ziemba*, 256 F.3d at 1202).

Here, Plaintiffs again fail to sufficiently state a claim. Plaintiffs have failed to allege in this count that: (1) Oliver and El made a false statement regarding a material

fact; (2) Oliver and El knew or should have known the statement was false when they made it; or (3) and Plaintiffs were injured when they acted in justifiable reliance on the false statement.  Plaintiffs also fail to sufficiently plead their fraud claim under the heightened pleading requirements of Rule 9(b) since they have failed to identify the time and place of each statement and the person responsible for making the statement, along with the content of the statements and the manner in which they misled Plaintiffs.  As a result, this claim as to Oliver and El is due to be dismissed without prejudice, with leave to amend.

### *Count VII Against Oliver and El*

Oliver and El argue that Count VII also fails to state a claim.  Under the Florida Securities and Investor Protection Act, "it is unlawful for an individual in connection with the offer, sale, or purchase of any investment or security to do any of the following: (1) employ any device, scheme, or artifice to defraud; (2) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person." *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1286 (S.D. Fla. 2011); § 517.301(1)(a), *F.S.*  Plaintiffs allege in Count VII that Defendants obtained funds through untrue statements of material fact, thereby violating the statute.  § 517.301(1)(a)(2), *F.S.*  Furthermore, to state a claim under this section, the following elements must be alleged: "(1) that a defendant made a misstatement or omission (2) of a material fact (3) with scienter (4) upon which the

plaintiff relied." *Arnold*, 839 F. Supp. 2d at 1286. Finally, this count, like Counts V and VI, is also subject to the heightened pleading standard of Rule 9.

Upon review, the Court finds that Plaintiffs have failed to sufficiently plead their claim. They make no attempt to track the language of the statute and elements of the cause of action, simply stating – in conclusory fashion – that Defendants obtained money by means of untrue statements of material fact, and that Defendants have violated § 517.301, *F.S.* Plaintiffs also fail to plead the required scienter. *See Arnold*, 839 F. Supp. 2d at 1286. This claim, as to Oliver and El, is due to be dismissed without prejudice, with leave to amend.[5]

### *Count VIII Against Oliver and El*

Finally, Oliver and El contend that Count VIII fails to state a claim. In Count VIII, Plaintiffs allege a claim under § 10(b) of the 1934 Securities Exchange Act and Rule 10b-5. A claim for violation of § 10 and Rule 10b-5 requires a plaintiff to plead: (1) a material misrepresentation or omission; (2) scienter, (3) connection with a purchase or sale of security; (4) reliance, (5) economic loss; and (6) a causal connection between the misrepresentation or omission and the loss. *See e.g.*, *Mizzaro v. Home Depot*, 544 F.3d 1230, 1236-37 (11th Cir. 2008). Furthermore, to show scienter, a plaintiff must plead "facts supporting a strong inference of scienter for each defendant with respect for each violation." *Id.* at 1238 (internal citation omitted); *see also* 15 U.S.C. § 78u–4(b)(2). To meet this requirement "it is by now well-established that § 10(b) and Rule 10b–5 require a

---

[5] The Court notes that should Plaintiffs decide to refile this claim, they should take care to avoid shotgun pleading issues – specifically, they should not reallege all preceding paragraphs of the amended complaint. *See Weiland v. Palm Beach Cnty. Sheriff's Off.* 792 F.3d 1313, 1321-22 (11th Cir. 2015).

showing of either an intent to deceive, manipulate, or defraud, or severe recklessness." *Id.* (internal citations omitted). Finally, "securities fraud claims, like other types of fraud claims, have always been subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements. . . ." *Id.* at 1237.

Plaintiffs fail to satisfy their pleading burden here. They fail to allege the elements of the cause of action in this count, including the material misrepresentation or omission, scienter, reliance, economic loss, and causal connection. Additionally, they fail to meet Rule 9(b)'s heightened pleading requirements. Accordingly, Count VIII as to Oliver and El is dismissed without prejudice, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' "Motion to Dismiss Complaint with Incorporated Memorandum of Law" (Doc. 20) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion to dismiss is **GRANTED** to the extent the Court finds that Plaintiffs' claims against BLS are subject to arbitration. However, these claims are **STAYED** pending arbitration.

(3) The motion to dismiss is **FURTHER GRANTED** to the extent that Counts V, VI, VII, and VIII against Defendants Oliver and El are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) The motion is otherwise **DENIED**.

(5) Plaintiffs are directed to file an amended complaint that corrects the deficiencies identified in this Order on or before Monday, January 25, 2021. Failure to file an

amended complaint as directed will result in this Order becoming a final judgment as to Counts V, VI, VII, and VIII. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of January, 2021.

                                                                         **TOM BARBER**
                                                                         **UNITED STATES DISTRICT JUDGE**