UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF LOCKWOOD, JOANNE LOCKWOOD,
and VALLEY STATION, LLC,

    Plaintiffs,

v.                                                                                  Case No. 8:20-cv-1990-JLB-TGW

KELLY OLIVER, NEO EL, and REAL
PEOPLE LENDING, LLC, doing business
as BUSINESS LOAN SOLUTIONS,

    Defendants.
_____/

**ORDER**

    This case is set for an in-person status conference on August 15, 2022. (Docs. 121, 122.) To streamline the proceeding, the Court will address the only pending motion: Plaintiffs' "Renewed Filing of Motion in Limine." (Docs. 109, 88.) In short, the motion is denied without prejudice.

    As an initial matter, Plaintiffs' original motion in limine, filed on August 6, 2021, was "denied without prejudice to any right Plaintiffs may have to renew this motion closer to the trial term." (Doc. 94.) The "renewed filing" merely seeks to "renew the Motion and request that it be granted" without specifying the precise relief currently requested. (Doc. 109 at 1.) Instead of incorporating the prior motion, Plaintiffs must specify the precise relief they now request.

See, e.g., Boswell v. Gee, No. 8:18-cv-1769-EAK-AEP, 2019 WL 3718206, at *3 (M.D. Fla. Aug. 6, 2019) (rejecting arguments incorporated by reference and observing that "such motion practice results in imprecise and inartful briefing").

In all events, Plaintiffs' prior motion in limine is unsupported. Plaintiffs first seek to preclude Defendants from offering evidence at trial relating to any purported terms of the agreement between the parties outside the written Joint Participation Agreement. (Doc. 88 at 1–2.) They contend that "Defendants' efforts to rewrite the Agreement through parol evidence must fail." (Id. at 2.) Plaintiffs' motion, however, was filed before this Court rejected a similar argument in denying their motion for summary judgment. (Doc. 115.)[1] Accordingly, the Court finds that the better course is to deny the request in light of this intervening order, subject to Plaintiffs' ability to reraise the issue, if appropriate, with proper legal authority.

---

[1] The Court held as follows:

> Although Plaintiffs have argued that such communications are irrelevant and should not be considered as parol evidence (Doc. 114 at 5; Doc. 101 at 18), courts have found that the parol evidence rule is inapplicable in these circumstances. See, e.g., Grainger v. State Sec. Life Ins. Co., 547 F.2d 303, 306–07 (5th Cir. 1977); Caiola v. Citibank, N.A., New York, 295 F.3d 312, 330 n.9 (2d Cir. 2002); see also Farag v. Nat'l Databank Subscriptions, Inc., 448 So. 2d 1098, 1101 (Fla. 2d DCA 1984). In all events, assuming Plaintiffs are invoking Florida's parol evidence rule, "evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract." Chase Manhattan Bank v. Rood, 698 F.2d 435, 436 (11th Cir. 1983). Here, the contract's terms do create an ambiguity.

(Doc. 115 at 10 n.9.)

2

Next, Plaintiffs move to preclude the admission of Defendants' request for production of documents and Plaintiffs' response. (Doc. 88 at 2–3.) Plaintiffs, however, fail to support this request with any citation to legal authority. (Id.); see M.D. Fla. Local Rule 3.01(a) (requiring a motion to include "a legal memorandum supporting the request"). And although Plaintiffs challenge the relevance of the evidence and suggest that its admission would "invite confusion and potential prejudice," Plaintiffs do not cite the applicable Federal Rules of Evidence.[2] Accordingly, the request is due to be denied, subject to Plaintiffs' ability to reraise the issue, if appropriate, with proper legal authority. See, e.g., Perez v. Cigna Health & Life Ins. Co., No. 8:19-cv-951-T-33AEP, 2020 WL 1308196, at *7 (M.D. Fla. Mar. 19, 2020) (declining request to exclude evidence absent "case law to support that . . . objections and answers to . . . requests for document production are not admissible evidence"). The deadline to file any future motions in limine will be discussed at the in-person status conference on August 15, 2022.

ORDERED in Tampa, Florida on August 9, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] As best the Court can determine, the request for production of documents relates to expenses allegedly incurred by Plaintiffs in connection with a project they planned to fund with the proceeds of the agreement with Defendants, and that Plaintiffs ultimately responded that the expenses were not in any documented form. (Docs. 64, 82, 110.) As noted, Plaintiffs do not specify the basis of any objection in the motion, but in their "Objections to Documents on Defendants' Document List in the Joint Pretrial Stipulation" (Doc. 82), they cite Federal Rules of Evidence 402, 403, and 901.